UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

SANDY NATHANIEL,  and all others similarly situated,

     Plaintiffs,

-vs-                               Case No.
                                     Hon.


ROCKWOOD RECOVERY, INC.,

     Defendant.

## CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

2.    Plaintiff brings this class action on behalf of herself and similarly situated consumers to obtain equitable relief and damages for Defendant's practice of unlawfully asserting a lien or possessory interest on personal property seized along with repossessed vehicles in order to collect a fee.  Defendant has no right to retain possession of such personal property and no right to require payment of a fee in order to release the personal property.

### JURISDICTION

3.    This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

4.      This court has exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

5.      Plaintiff, Sandy Nathaniel, is an individual who resides in Wayne County, Michigan.

6.      Defendant, Rockwood Recovery, Inc. is a Michigan limited liability company with its headquarters and registered office in Macomb County, Michigan.

## FACTS

7.      On or about August 5, 2016, Defendant seized a 2004 Pontiac Grand Prix ("the vehicle") – titled to the named Plaintiff – from the Plaintiff Nathaniel's home, pursuant to a security interest in favor of a secured creditor, and at the instruction of that secured creditor.

8.      On or about August 5, 2016, the vehicle was in the Plaintiff's driveway, parked.

9.      On or about August 5, 2016, Plaintiff's other vehicle, a Ford Focus, was between the vehicle and the street, parked in the Plaintiff's driveway, blocking the vehicle in.

10.     In order to take possession of the vehicle, Defendant ran over the Plaintiff's lawn and the lawn of Plaintiff's neighbor causing damage.

11.     In order to take possession of the vehicle, Defendant illegally and incompetently hooked up the Ford Focus to its tow truck and moved it, damaging the front end and the front end suspension.

12.     When Defendant's agent ran over the Plaintiff's lawn and the neighbor's lawn, this was a breach of the peace and the Defendant had no present right to take possession of the vehicle.

13. When Defendant's agent moved and damaged the Ford Focus, this was a breach of the peace and the Defendant had no present right to take possession of the vehicle.

14. In spite of the fact that the Defendant had no present right to take possession of the vehicle, Defendant repossessed the vehicle anyway, in violation of the FDCPA, 15 U.S.C. § 1692f(6)

15. The vehicle, at the time of the repossession, contained various items of personal property belonging to the Plaintiff.

16. Plaintiff made contact with the Defendant and she was told that, in order to recover personal belongings contained in the vehicle, she would have to pay $65.00 to get her belongings back.

17. In fact, Plaintiff was charged $65.00 to retrieve her belongings and paid $65.00 to the Defendant to retrieve her belongings.

18. Plaintiff's personal property was not subject to any security interest and Defendant had no legal right to hold that property.

19. A secured creditor, such as the secured creditor in this case, that repossesses the collateral for its loan is authorized to recover not only the principal of and the interest due on the loan but also the reasonable expenses of collecting the loan, including, but not limited to, storage and the expenses of preserving and returning the incidental personal property of the consumer, including, Ms. Nathaniel.

20. The Defendant attempted to collect and did collect these expenses directly from the Plaintiff Nathaniel by asserting a lien in the Plaintiff's personal property.

21. No security agreement, including the one in this matter, contains – nor could contain – a provision giving the creditor a lien in personal property found in a repossessed vehicle.

22. Defendant took possession of Plaintiff's personal property found in her vehicle and claimed it as collateral not pursuant to a security interest and hence without a right to take possession of it or charge a fee to get it back in violation of the FDCPA, 15 U.S.C. § 1692f(6).

23. Plaintiff has suffered damages as a result of the acts and omissions of the Defendant set forth herein.

### COUNT  I – FAIR DEBT COLLECTION PRACTICES ACT (CLASS CLAIM)

24. Plaintiff incorporates the previous paragraphs by reference.

25. By taking or threatening to take nonjudicial action to dispossess the Plaintiff of personal property when there was no present right to possession of the property Defendant violated 15 U.S.C. §§1692e and 1692f.

26. By attempting to collect and collecting fees attendant to the repossession directly from consumers by asserting a lien on personal property left in the vehicles, all as alleged above, Defendant violated 15 U.S.C. §§1692e and 1692f.

27. Plaintiff and those similarly situated suffered actual damage by this misconduct, either by paying the $65.00 fee or losing their personal property.

### COUNT  II – FAIR DEBT COLLECTION PRACTICES ACT (INDIVIDUAL CLAIM)

28. Plaintiff incorporates the previous paragraphs by reference.

29. By repossessing the vehicle after a breach of peace, the Defendant violated 15 U.S.C. §§1692e and 1692f.

30. Plaintiff suffered actual damage by this misconduct.

<u>COUNT  III – MONEY HAD AND RECEIVED/UNJUST ENRICHMENT (CLASS CLAIM)</u>

31.     Plaintiff incorporates the previous paragraphs by reference.

32.     Plaintiffs and other class members paid and Defendant received a fee in order to recover personal property owned by the Plaintiff and similarly situated class members.

33.     Defendant had no legal right to retain the personal property and no right to require a fee to release the personal property.

34.     Defendant's receipt and retention of fees paid by the Plaintiff and other class members in order to recover their personal property is unjust and, in equity and good conscience must be returned to the plaintiff and other class members.

<u>COUNT  IV – CONVERSION(CLASS CLAIM)</u>

35.     Plaintiff incorporates the previous paragraphs by reference.

36.     By refusing to return personal property seized along with vehicles to the owners of the personal property until those persons paid a fee to Defendant, Defendant exercised unauthorized and wrongful dominion and control over another's personal property in a manner inconsistent with the rights of the owner.

37.     Defendant converted the personal property of the Plaintiff and other class members in violation of MCL § 600.2919a.

38.     As a result of Defendant's conversion of their personal property, Plaintiff and other class members sustained damages of no less than the amount paid to Defendant to recover their personal property.

39.    Plaintiff and other class members are entitled to recover damages of not less than three times the amount of fees paid to Defendant plus costs of this action and reasonable attorney fees pursuant to MCL § 600.2919a.

<u>COUNT  V – MICHIGAN OCCUPATIONAL CODE (CLASS CLAIM)</u>

40.    Plaintiff incorporate the previous paragraphs by reference.

41.    Defendant represents itself as a collection or repossession agency and performs the activities of a collection agency.

42.    Defendant is and was,  at all times relevant hereto a "collection agency" within the meaning of MCL §339.901.

43.    Plaintiff and other class members are natural persons who are or were obligated or allegedly obligated to pay a debt and are "consumers" or "debtors" within the meaning of MCL §339.901.

44.    By falsely telling plaintiff and other class members that they were required to pay a fee in order to recover their personal property, Defendant misrepresented the legal rights of the creditor or the debtors and falsely represented that nonpayment of a debt allegedly owed to the Defendant would result in the seizure or sale of the debtors' personal property, in violation of MCL § 339.915.

45.    Defendant's violations of MCL § 339.915 were willful.

46.    As a result of Defendant's violations of MCL 339.915, Plaintiff and other class members sustained damages of no less than the amounts paid to Defendant to recover their personal property.

47.     Plaintiff and other class members are entitled to recover damages of not less than three times the amount of actual damages but not less than $150.00 plus costs of this action and reasonable attorney fees pursuant to MCL § 339.916.

48.     Plaintiffs are entitled to equitable relief pursuant to MCL § 339.916.

<u>CLASS ACTION ALLEGATIONS</u>

49.     Plaintiffs seek relief for two classes of persons under Fed.R.Civ.P. 23(b)(3).

50.     The first class is defined as all persons who, within one year prior to the filing of this lawsuit, had a vehicle repossessed by the Defendant and were told by the Defendant that they could not recover  personal property left in repossessed vehicles unless they paid a fee to the Defendant.

51.     The second class is defined as all persons in the state of Michigan who, during the previous six years, had a vehicle repossessed by the Defendant and were told by the Defendant that they could not recover  personal property left in repossessed vehicles unless they paid a fee to the Defendant.

52.     Defendant performed a large number of vehicle repossessions and the vehicles often include items of personal property belonging to the owner of the vehicle.

53.     Defendant routinely requires the vehicle owner to pay a fee in order to recover the owner's personal property.

54.     The members of the class are so numerous that joinder of all is not practicable.

55.     On information and belief, there are at least 60 individuals within the defined class.

56.   There are questions of law and fact common to the first class members, which predominate over any questions relating to individual class members.   The predominant common questions are:

a.      whether Defendant has a legal right to retain personal property taken along with repossessed vehicles,

b.      whether Defendant has the right to charge a fee to consumers whose vehicles they seize and

c.      whether Defendant has the right to hold personal property in order to collect a fee.

d.      Whether such practice violates the FDCPA.

57.   There are questions of law or fact common to the members of the second class that predominate over questions affecting only individual members including:

a.      whether Defendant has a legal right to retain personal property taken along with repossessed vehicles,

b.      whether Defendant has the right to charge a fee to consumers whose vehicles it seizes and

c.      whether Defendant has the right to hold personal property in order to collect a fee.

d.      Whether Defendant's practices violate the Michigan Occupational Code or other Michigan law.

58.   Plaintiff's claims are typical of the claims of the class members of both the first and the second class.   All are based on the same factual and legal theories.

59.   Plaintiff will fairly and adequately represent the class members in both classes.   Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

60.    A class action is superior for the fair and efficient adjudication of these matters, in that:

    a.      Individual actions are not economically feasible.

    b.      Members of either class are likely to be unaware of their rights; and

    c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

### **Demand for Jury Trial**

61.    Plaintiff demands trial by jury in this action.

### **Demand For Judgment for Relief**

ACCORDINGLY, Plaintiff respectfully requests that the Court:

    a.      Assume jurisdiction over all claims;

    b.      Issue an order certifying this action as a class action;

    c.      Grant judgment in favor of the Plaintiff and each class member for actual damages in an amount to be determined by the court.

    d.      Grant judgment in favor of the Plaintiff and each member of the first class for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2).

    e.      Grant judgment in favor of the Plaintiff and each class member in an amount not less than three times the amount of fee paid to Defendant by each person, pursuant to MCL § 600.2919a.

    f.      Grant judgment in favor of the Plaintiff and each class member in an amount not less than three times the amount of actual damages but not less than $150.00, pursuant to MCL § 339.915.

g.      Order injunctive and/or declaratory relief requiring Defendant to release any personal property taken along with repossessed vehicles to the owner upon request and prohibiting Defendant from requiring or demanding any fee from any such person.

h.      Award the costs of this action and attorney fees.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:     s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for Plaintiffs
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        Phone:  (248) 746-3790
        Email:   adamgtaub@clgplc.net

        /s/ Michael O. Nelson
        Michael O. Nelson (P23546)
        Attorney for Plaintiffs
        1104 Fuller NE
        Grand Rapids, MI 49503
        (616) 559-2665
        Mike@mnelsonlaw.com

Dated:  July 21, 2017